UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

CHARLES HANS ZIZI,

                              Plaintiff,

                              v.

PNC BANK and CHEXSYSTEMS,

                              Defendants.

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**
13-CV-7212 (PKC) (RML)

------------------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

Before the Court are Defendants' motions to dismiss the complaint, or, in the alternative, for a more definite statement, pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6) and 12(e), and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. Because the complaint fails to state a cause of action, Defendants' motions to dismiss are granted, in part, and the complaint is dismissed without prejudice.

*BACKGROUND*

A.    Relevant Procedural History

Plaintiff Charles Hans Zizi ("Plaintiff") filed this action on November 18, 2013 with the Civil Court of the City of New York, CV-065752-13 (KI). (Dkt. 1 at 4.) Plaintiff's sole allegation regarding "[t]he nature and substance of [his] cause of action" is: "Financial damages for $20,000.00 with interest from 03/01/2012; Emotional distress for $25,000.00 with interest from 03/01/2012." (Dkt. 1 at 4.)[1] The complaint contains no other allegations of any kind; it

---

[1] Plaintiff's complaint appears to have been submitted using a form document supplied by the Civil Court. (Dkt. 1 at 4.)

does not allege any facts, or identify any statutory or common law grounds, in support of the claim for damages. *Id.* The complaint simply demands damages. *Id*.

On December 18, 2013, Defendant PNC Bank ("PNC"), with the consent of Defendant ChexSystems ("ChexSystems"), removed this matter, pursuant to 28 U.S.C. § 1441, to this Court on the basis that the action, *as construed by Defendants*, raises a federal question arising under the FCRA. (Dkt. 1 at 2.) On December 20, 2013, PNC filed a notice of a motion to dismiss the complaint with prejudice, pursuant to FRCP 12(b)(6) and the FCRA. (Dkt. 4 at 1.) On December 26, 2013, ChexSystems separately filed a notice of motion to dismiss pursuant to FRCP 12(b)(6) or 12(e). (Dkt. 12-1 at 1.) The Court set a briefing schedule, giving Plaintiff until March 1, 2014 to oppose or otherwise respond to the motions. To date, Plaintiff has failed to respond in any manner to the motions.[2]

*MOTION TO DISMISS STANDARD*

To withstand a motion to dismiss pursuant to FRCP 12(b)(6), a complaint must plead facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The liberal notice pleading standard of FRCP 8(a) only requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* Under FRCP 8(a)(2), the complaint need not set forth "detailed factual allegations," but the plaintiff must present "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* In evaluating a 12(b)(6) motion to dismiss, the district court must accept the factual allegations set

---

[2] Although PNC, in its motion to dismiss, sets forth facts that it believes to be relevant to Plaintiff's claims, the Court does not consider these proffered facts in resolving Defendants' motions. There simply are no factual or legal allegations in the complaint, and it is, therefore, unnecessary and speculative to conjure up claims on Plaintiff's behalf.

2

forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enter.*, 448 F.3d 518, 521 (2d Cir. 2006). Nevertheless, a complaint must contain enough factual material to "'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570), and it should be dismissed where a plaintiff has not "nudged [its] claims across the line from conceivable to plausible[.]" *Twombly*, 550 U.S. at 570. As it must, the Court construes Plaintiff's *pro se* complaint to raise the strongest arguments it suggests. *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 472 (2d Cir. 2006).

*DISCUSSION*

I.    <u>Motion to Dismiss Pursuant to FRCP 12(b)(6)</u>

Even construed liberally and drawing all reasonable inferences in favor of the Plaintiff, the complaint fails to state any plausible cause of action, or any cause of action, for that matter. The complaint simply recites a demand for damages, without providing any factual or legal basis for such an award. The complaint lacks any factual details and legal grounds that would lead this Court to find "more than a sheer possibility that defendant[s have] acted unlawfully." *Iqbal*, 556 U.S. at 677. Indeed, the complaint lacks any allegation that Defendants acted at all. Nor does the complaint "give the defendant[s] fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Thus, the complaint fails to meet the most basic requirements of FRCP 8, and must be dismissed. *See*, *e.g.*, *Wendell Bail Bonding Co. v. Cuomo*, 10-CV-4022 (SJF)(ETB), 2011 WL 5546929, at *1 (E.D.N.Y. Nov. 10, 2011) (dismissing complaint, pursuant to FRCP 12(b)(6), because it simply made "vague" references to several Amendments in the Constitution without specifying why they entitled the plaintiff to relief); *Moore v. KTR Dev. LLC*, 09-CV-2925 (RJD) (RER), 2011 WL 572362, *1-2 (E.D.N.Y. Feb 16,

2011) (dismissing complaint that, despite alleging that defendants engaged in discriminatory hiring practices with respect to the plaintiffs and others, failed to "offer any factual allegations that push[ed] [plaintiffs'] claims that they were intentionally discriminated against across the line from conceivable to plausible."). *Id.* at *2.

II. Pre-Emption and Preclusion Under the FCRA

PNC seeks to have the Court construe the complaint as alleging state law claims stemming from PNC's reporting of certain information about Plaintiff's PNC demand deposit account to ChexSystem. (Dkt. 4-1 at 4) ("Zizi's conclusory claim *obviously* concerns the credit report that PNC made to Chexsystems after Zizi's [demand deposit account] at PNC became overdrawn by $6,000 and was closed.") (emphasis added). PNC further argues that the complaint, as construed by PNC, should be dismissed because it is pre-empted by the FCRA, and because there is no private cause of action under the FCRA. *Id*. at 4-9.

However, because the complaint fails to state *any* cause of action, or allege any of the facts relied upon by PNC in making its FCRA argument, the Court need not speculate on whether the FCRA preempts or precludes Plaintiff's claims, whatever they may be. Without any information *from Plaintiff* indicating what his claims are, it would be inappropriate for the Court to conclude, at this time, that they are preempted by federal law. Furthermore, given the Court's dismissal of the complaint, the FCRA issue is moot.[3]

III. Dismissal Without Prejudice

PNC, however, seeks dismissal of the complaint *with prejudice* based on its FCRA argument. The Court declines to dismiss the complaint with prejudice.

---

[3] Defendants' alternative request for a more definite statement is moot for the same reason.

4

It is within the Court's discretion to grant leave to amend the complaint. *See Lucente v. Int'l Business Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002); *see also* FRCP 15(a)(2) (leave to amend the complaint "shall be freely given when justice so requires"). "A *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted). However, where the Court finds that amendment of the complaint would be futile, leave need not be granted. *See Lucente*, 310 F.3d at 258 ("One appropriate basis for denying leave to amend is that the proposed amendment is futile.").

Here, it is not apparent from the face of the complaint that amendment would be futile, since the complaint contains no factual allegations or legal citations indicating what Plaintiff's claims might be. Although PNC has suggested possible, if not likely, factual and legal grounds for Plaintiff's complaint, it would be speculative and premature for the Court to assume that these are, in fact, the bases, or all of the bases, of Plaintiff's complaint. Accordingly, the complaint is dismissed *without prejudice.*

## *CONCLUSION*

For the reasons stated above, Defendants' motions to dismiss the complaint are granted, in part. The complaint in this matter is dismissed *without prejudice*, with leave to file an

amended complaint within 30 days of this order. If Plaintiff fails to re-file, the Court will direct the Clerk of Court to terminate this action. Defendants' motions are denied in all other respects.

SO ORDERED:

    /s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: September 11, 2014
      Brooklyn, New York